### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DISINTERMEDIATION SERVICES INC., <br><br> Plaintiff, <br> v. <br><br> LIVEADMINS, LLC, <br><br> Defendant. | Case No. 22 C 6539 <br><br> Honorable Sunil R. Harjani |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant LiveAdmins' Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant asks this Court to find that the four patents at issue in the Second Amended Complaint are invalid pursuant to 35 U.S.C. § 101. For the reasons stated below, the motion to dismiss [32] is denied.

### Background

This case arises out of Plaintiff's allegations that the Defendant infringed their four patents: (1) U.S. Patent No. 11,240,183 ('183 patent); (2) U.S. Patent No. 11,336,597 ('597 patent); (3) U.S. Patent No. 11,349,787 ('787 patent); and (4) U.S. Patent No. 11,418,446 ('446 patent) (collectively, "Patents in Suit"). The Patents in Suit all center on systems for web-based communication that allows unauthenticated users to participate in chat functions by creating a conversation identifier and using it to map conversations. *See* Compl., Doc. [31]. Each of the Patents in Suit have one independent claim that identifies "[a] system for web-based communication, the system comprising: an electronic processor configured to: receive a" communication request or request from an unauthenticated user of a web browser. *See* '466 at 13:5-13; '183 at 13:2-11; '597 at 13:4-10; '787 at 13:5-10. Each system described in the Patents in Suit then utilizes at varying points a "conversation identifier" to ensure that all communications between the unauthenticated user and responder(s) are mapped, associated, or stored in a coherent manner. *See* '787 at 13:19-37; '597 at 13:19-35; '183 at 13:34-40; '466 at 13:27-59.

### Legal Standard

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the sufficiency of a complaint for purposes of a motion to dismiss, the Court "construe[s] it in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in [the nonmoving party's] favor."

*Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (*quoting Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010)).

## Discussion

Section 101 of the Patent Act defines patentable subject matter as "any new or useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. However, under the exclusionary principle, the Supreme Court has held claims regarding "[l]aws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). That said, "an invention is not rendered ineligible for patent simply because it involves an abstract concept." *Id.* at 217. *Alice* instructs courts to follow a sequential two-step analysis to determine whether a patent is barred by the exclusionary principle: (1) the court must initially "determine whether the claims at issue are directed to… patent-ineligible concepts;" and (2) then, the court must search for an "inventive concept" by reviewing whether the claim limitations analyzed individually and as an ordered combination transform the claims into a patent-eligible application. *Id.* at 217-18.

Patent eligibility can sometimes be determined at the Rule 12(b)(6) stage. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018). This determination can only be made when "there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Id.* While the ultimate determination of eligibility under Section 101 is a question of law, that determination turns on whether the claim elements or the claimed combinations are well-understood, routine, and conventional in the industry, which is a question of fact. *Id.* at 1128. The Federal Circuit has held that patentees who adequately allege their claims contain inventive concepts sufficient to "transform" the claimed abstract idea into a patent-eligible application survive a Section 101 eligibility analysis under Rule 12(b)(6). *Id.* at 1126–27.

### A. *Alice* Step One

The Court must first determine whether the Patents in Suit are directed towards a patent-ineligible concept. *Alice*, 573 U.S. at 217. By way of background, there is no definitive rule on what constitutes an "abstract idea" under *Alice* step one. Instead, the Supreme Court and Federal Circuit "have found it sufficient to compare the [patent] claims at issue to those claims already found to be directed to an abstract idea in a previous case." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016). Particular to computer patents, the Federal Circuit instructs courts to review if the claims improve computer capabilities or target a "process that qualifies as an abstract idea for which computers are invoked merely as a tool." *Id.* at 1336 (cleaned up).

Defendant argues the Patents in Suit target an abstract idea – organizing conversations – and that similar subject matter has been found to be an abstract idea. Plaintiff disagrees, explaining that the patent claims improve the functioning of the computer itself through a specific technological improvement to internet-based communications. This Court finds that the Federal Circuit precedent set forth in *Bascom* is applicable and holds that Plaintiff's arguments regarding whether the Patents in Suit focus on narrower technological improvements to computer systems are better addressed below in *Alice* step two. *See Bascom Glob. Internet Servs., Inc. v. AT&T*

*Mobility LLC*, 827 F.3d 1341, 1348-52 (Fed. Cir. 2016). In *Bascom* the Federal Circuit vacated and remanded a dismissal based on the invalidity of a patent claiming a means of filtering internet content. *Id.* at 1352. The Federal Circuit reasoned that the patent was abstract at *Alice* step one despite plaintiff's arguments that the claims were directed at fixing an internet-based problem as "the claims and their specific limitations [did] not readily lend themselves to a step-one finding that they are directed to a nonabstract idea." *Id.* at 1348-49. The Federal Circuit noted that it can be difficult to identify from the claim language if the invention's improvements are "unambiguously directed to an improvement in computer capabilities." *Id.* at 1349. Thus, the Federal Circuit instructed courts in these situations to reach *Alice* step two and determine whether the improvements in the recited computer technology go beyond well-understood, routine, or conventional activities. *Id.* at 1348.

In this case, each of the Patents in Suit have one independent claim that identifies "[a] system for web-based communication, the system comprising: an electronic processor configured to: receive a" communication request or request from an unauthenticated user of a web browser *See* '466 at 13:5-13; '183 at 13:2-11; '597 at 13:4-10; '787 at 13:5-10. Each system then utilizes a "conversation identifier" to ensure that all communications between the unauthenticated user and responder(s) are mapped, associated, or stored in a coherent manner. *See* '787 at 13:19-37; '597 at 13:19-35; '183 at 13:34-40; '466 at 13:27-59. *Alice* step one requires that "claims [be] considered in their entirety to ascertain whether their character as a whole is directed to excluded subject matter." *Two-Way Media Ltd. v. Comcast Cable Commc's*, 874 F.3d 1329, 1337 (Fed. Cir. 2017). At this point in the litigation, it appears that the core claims of the Patents in Suit involve an abstract idea – a system for receiving and organizing communications. The process of receiving a request and organizing a conversation based on the request has occurred for centuries prior to the advent of computers. Over the phone an unidentified individual can call a company seeking certain information only to be transferred, often multiple times, to individuals with specialized knowledge who can assist based off the initial question asked. The Patents in Suit likewise focus on a system for organizing communication only here via the internet.

Furthermore, the Court finds *Bridge and Post, Inc. v. Verizon Communications, Inc.* helpful in analyzing whether the Patents in Suit are targeted towards an abstract idea. 778 Fed. App'x 882 (Fed. Cir. 2019). In *Bridge and Post*, the Federal Circuit affirmed the district court's Rule 12(b)(6) dismissal of three patents. *Id.* at 884. The three patents all claimed different methods for tracking a user's computer network activity and using the information gained to deliver targeted media/advertising. *Id.* The Federal Circuit upheld the district court's reasoning that the patent claims were directed at the abstract idea of communicating information using personalized marketing. *Id.* at 886-91. In analyzing one patent, the Federal Circuit noted that "using an identifier, in this case a personalized network address, to communicate information about" an object is an abstract idea. *Id.* at 889. While some claims that "focus on a specific improvement in computer capabilities" are patentable "an abstract idea that merely invokes computers as a tool" are not. *Id.* "[E]ven a highly specific method for implementing an abstract idea is, at step 1 of the *Alice* test, still directed to that abstract idea." *Id.* Here, the system in the Patents in Suit as detailed above is targeted at the abstract idea of organizing conversations over the internet. Thus, the Court must proceed to *Alice* step two.

### B. *Alice* Step Two

At step two, the Court must look for an "inventive concept" that may arise in one or more of the individual claim limitations or in the ordered combination of the limitation. *Alice*, 573 U.S. at 217. As the Supreme Court has articulated, an "inventive concept" must be more than stating the abstract idea and adding the words "apply it." *Id.* at 221. The second step of the *Alice* test is satisfied when the claim limitations "involve more than performance of well-understood, routine, [and] conventional activities previously known to the industry." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1367 (Fed. Cir. 2018) (internal quotation marks omitted). "The question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact." *Id.* at 1368.

Defendant argues that the Patents in Suit fail *Alice* step two because: (1) they are not rooted in a technological problem; and (2) they lack an inventive concept but instead utilize conventional, well-known technology requiring no ordered sequence. Plaintiff responds that the Patents in Suit: (1) identify a specific technological improvement needed for internet-based communications; and (2) recite an inventive concept via an ordered combination allowing computers a means of preserving state by mapping messages using a conversation identifier.

First, the Court finds that the Second Amended Complaint alleges that the Patents in Suit address a problem rooted in technology. Patents that merely recite a business practice that happened to be performed on the internet are not patentable. *See DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014). However, when the internet introduces a problem arising from the technology itself, solutions can be patentable. *Id.* at 1257-59. Here, the Second Amended Complaint alleges that all web browsers detailed in the Patents in Suit utilize hypertext transfer protocol ("HTTP") to communicate. According to Plaintiff, HTTP poses a unique technological issue because all communications are stateless, meaning there is no persistent connection between the server (where information is pulled from) and the client (information receiver). This technological hiccup causes a problem in maintaining cohesive communication because there is no required common communication device or means of tracking the conversations in a stateless web browser. The Second Amended Complaint alleges that a person of ordinary skill in the art would recognize this was a problem that the Patents in Suit addressed via an improved process. The inability to remember or order a conversation is unique to computers. Here, the statelessness problem arises from using a specific technology (web browsers) to communicate. The Patents in Suit aid in solving this unique technological problem of stateless web browsers by determining a conversation identifier to map communications back and forth.

Second, this Court finds that the Second Amended Complaint states a claim that the Patents in Suit identify an inventive concept. "[A]n inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." *Bascom*, 827 F.3d at 1350. The Second Amended Complaint states that the Patents in Suit provide improved methods allowing unauthenticated users to communicate through web browsers. This is a sufficiently alleged inventive concept. While Defendant argues that the Patents in Suit recite generic, conventional components such as "electronic processor," "web browser," "communication protocol," "communication address," and "data store," it is unclear without further discovery and claim construction whether these terms and others present in the patent claims and specifications

4

are generic or arranged in a non-conventional and non-generic manner. Notably, the Federal Circuit has found that even when using generic computer components, a new implementation can still be an inventive process. *See Bascom*, 827 F.3d at 1349-50.

Defendant attempts to further its argument by noting that the specification states that no order is required. This broad statement is incorrect. Each of the Patents in Suit include specification language, noting that "[i]n *some cases*, the actions recited in the claims can be performed in a different order and still achieve desirable results." *See* '183 at 12:65-67 (emphasis added); *see also* '597 at 13:1-3; '787 at 13:1-3; '466 at 13:1-3. What those cases might be is unclear at this early stage in the proceedings.

The Court again finds *Bascom* to be instructive. *Bascom*, 827 F.3d at 1350. As discussed above, the Federal Circuit noted in *Bascom* that determining whether patents focus on narrow technological improvements to computer systems are better addressed in *Alice* step two. *Id.* at 1348-52. After finding the patent was abstract at *Alice* step one, the Federal Circuit in *Bascom* found that an inventive concept was described in the patent surrounding the narrow method for filtering internet content. *Id.* The Federal Circuit explained that the claims did not preempt all ways of filtering content on the internet but focused on a specific, discrete implementation for filtering content when construed in the light most favorable to the non-movant. *Id.* at 1350-51. Likewise here, the Patents in Suit do not appear to preempt all ways of organizing internet communications but focus on situations with unauthorized users of web browsers where conversation identifiers assist in mapping the communications. At this early stage of litigation, Plaintiff has alleged facts to state a plausible claim that the patented technology includes an inventive concept.

In summary, even though the Patents in Suit are targeted at the abstract idea of organizing conversations, Plaintiff has alleged that the Patents in Suit address a technological problem and involve an inventive concept. Thus, the Court cannot conclude that the Patents in Suit are invalid pursuant to 35 U.S.C. § 101 on a motion to dismiss.

### Conclusion

For the reasons stated above, Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [32] is denied.

**SO ORDERED.**

Dated: May 16, 2024

_____
Sunil R. Harjani
United States District Judge